IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF FLORIDA
IN AND FOR HILLSBOROUGH COUNTY

LILLIAN LIMA,

    Plaintiff

vs.                                            Case No.:

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES, and DAVID WILKINS,
individually and in his official capacity as
Secretary of the Florida Department of Children
and Families,

    Defendants
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, LILLIAN LIMA, by and through her undersigned counsel, and sues the Defendants, FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES and DAVID WILKINS, individually and in his official capacity as Secretary of the Department of Children and Families, and alleges as follows:

### Parties, Jurisdiction, and Venue

1.     In this action, Plaintiff is seeking declaratory and injunctive relief pursuant to Section 86.011, Florida Statutes, for alleged violations of Plaintiff's rights under Article I, Section 2 of the Florida Constitution and the personnel policy of the state as set forth in the Florida Personnel Management Law, Section 110.105, Florida Statutes; damages in excess of $15,000 and injunctive relief for alleged violations of the Equal Pay Act and anti-retaliation provisions of the Equal Pay Act, 29 U.S.C. §§ 206(d), 215(a)(2) and (3); prospective injunctive relief for alleged violations of the First and Fourteenth Amendments to the Constitution of the United States, brought pursuant to 42 U.S.C. § 1983; and monetary relief in excess of $15,000 against Defendant Wilkins in his

individual capacity for his alleged violations of Article I, Section 2 of the Florida Constitution, the personnel policy of the state as set forth in the Florida Personnel Management Law, Section 110.105, Florida Statutes, and the First and Fourteenth Amendments to the Constitution of the United States.

2. This court has original jurisdiction to grant Plaintiff declaratory and injunctive relief, damages, and other appropriate legal and equitable relief.

3. The alleged unlawful employment practices were committed while Plaintiff was employed by Defendant Department of Children and Families (hereinafter "DCF") in Hillsborough County, Florida. Accordingly, venue in this Court is proper under Section 47.011, Florida Statutes.

4. Plaintiff resides in Lakeland, Polk County, Florida. She was employed by the State of Florida for twelve (12) years, from 1999 to 2011, including her employment by Defendant DCF from 2007 to 2011. Her place of employment with Defendant DCF was in Tampa, Hillsborough County, Florida.

5. Defendant DCF maintains offices and does business in Hillsborough County, Florida.

6. Defendant DCF is an employer within the meaning of the Equal Pay Act and subject to the provisions of Article 1, Section 2 of the Florida Constitution and the Florida Personnel Management Law.

7. Defendant Wilkins is the Secretary and chief executive officer of Defendant DCF. He is sued in his official capacity for declaratory and injunctive relief, including reinstatement, and in his individual capacity for back pay and other damages. He is an employer within the meaning of the Equal Pay Act and subject to the provisions of Article 1, Section 2 of the Florida Constitution;

the Florida Personnel Management Law; and the First and Fourteenth Amendments to the United States Constitution.

### General Allegations

8. Plaintiff began employment with the Florida Department of Legal Affairs in 1999.

9. In or about July 2007, Plaintiff's employment moved to Defendant DCF, where she was hired as a Project Coordinator at an annual salary of $59,999.

10. In the latter part of 2007, Plaintiff was appointed to the Council on the Social Status of Black Men and Boys (hereinafter "Council"), a body created by the Florida Legislature and charged with proposing measures to alleviate and correct the underlying causes of the conditions affecting Black men and boys including homicide rates, arrest and incarceration rates, poverty, violence, drug abuse, death rates, disparate annual income levels and health issues. Plaintiff assumed a leadership role on the Council and served as a member for four years.

11. In December 2010, in connection with the implementation of the recommendations of the Council, then-Secretary of Defendant DCF George Sheldon appointed Plaintiff to serve as Acting Director of Disproportionality Initiatives.

12. On April 19, 2011, Defendant Secretary David Wilkins met with Plaintiff and informed her that her Acting Director position would be upgraded and made permanent, and that she would be in charge of implementing Defendant DCF's implementation of the recommendations in the Council's report. Defendant Wilkins stated that his assistant, Jamie Self, would contact Plaintiff to work out the details.

13. On or about April 22, 2011, Self informed Plaintiff that the functional title of her new position was Director of Minority Affairs and Community Engagement. He also stated that Plaintiff

would be working with John Davis, who was Director of External Affairs. However, Self added, the position upgrade and salary increase would be delayed until July 1, 2011, due to funding issues.

14. On or about May 24, 2011, Defendant Wilkins informed Plaintiff that her promotion was confirmed and instructed her to begin working as Director of Minority Affairs and Community Engagement.

15. On or about July 1, 2011, Plaintiff received the documentation for her new position. It carried the expected functional title of Director of Minority Affairs and Community Engagement, and the official State service title of Operations and Management Consultant Manager. However, it included no salary increase; instead, Plaintiff's annual salary remained at her 2007 entry level of $59,999. On information and belief, Defendant Wilkins made the decision to continue Plaintiff's salary at the same level.

16. Three months earlier, on March 21, 2011, Defendant Wilkins appointed a male, John Davis, to a similar position as Director of External Affairs within Defendant DCF, which position also carried the official State service title of Operations and Management Consultant Manager, at an annual salary of $84,999. On information and belief, Defendant Williams made the decision to pay Davis such annual salary.

17. The position to which Plaintiff was appointed in July 2011 required skill, effort, and responsibility substantially equal to, and performed under similar working conditions as, the position to which Davis was appointed on March 21, 2011. However, Davis's salary was $25,000 more than it paid Plaintiff.

18. Plaintiff complained to management about the discriminatory pay rate. However, Defendants took no corrective action, and instead retaliated against Plaintiff.

4

19. On or about July 19, 2011, Defendants issued a new job description for Plaintiff, reducing her position from Director to Manager, limiting her leadership and other responsibilities, and stating that she was to report to Davis rather than Secretary Wilkins. On information and belief, Defendant Wilkins made the decision to so change Plaintiff's position with Defendant DCF.

20. Plaintiff objected to the discriminatory issuance of the new job description on or about August 4, 2011. Plaintiff asked Davis whether her demotion had any relation to her political affiliation. Davis responded in the affirmative.

21. On August 5, 2011, by letter from Vivian Myrtetus, Defendants Wilkins' Chief of Staff, Plaintiff was discharged. On information and belief, Defendant Wilkins made the decision to terminate Plaintiff's employment.

22. Plaintiff suffered humiliation, embarrassment, and emotional distress as a result of her demotion and discharge.

23. Plaintiff suffered loss of employment and income as a result of her discharge.

### Count 1—Equal Pay Act—Violation of 29 U.S.C. § 206(d)(1)

24. Plaintiff adopts by reference, as if set out fully and completely in this Count, Paragraphs 1 through 17, above.

25. Defendants discriminated against Plaintiff on the basis of her sex by paying a male employee substantially higher wages for work which was in all respects substantially equal to the work done by Plaintiff, in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, to include:

    a.    Order Defendants to pay unpaid wages reflecting the difference between Plaintiff's rate of pay and that of John Davis.

    b.    Order Defendants to pay an additional amount equal to the unpaid wages as liquidated damages.

    c.    Order Defendants to pay prejudgment interest, if liquidated damages are not awarded,

    d.    Order Defendants to pay reasonable attorney's fees.

    e.    Order Defendants to pay costs.

    f.    Order such other relief as the Court deems appropriate.

### Count 2—Equal Pay Act—Retaliation in Violation of 29 U.S.C. § 215(a)(3)

26. Plaintiff adopts by reference, as if set out fully and completely in this Count, Paragraphs 1 through 19 and Paragraphs 21 through 23, above.

27. Plaintiff engaged in activity protected by 29 U.S.C. § 215(a)(3) by complaining to Defendants about Defendants' discrimination in paying her less than her male counterpart.

28. In demoting Plaintiff and ultimately discharging Plaintiff because of Plaintiff's protected activity, Defendants retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3).

29. As a result of the unlawful retaliation, Plaintiff suffered loss of income, embarrassment, humiliation, and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, to include:

    a.    Order Defendants to reinstate Plaintiff as Director of Minority Affairs and Community Engagement and as Operations and Management Consultant Manager; with full

retroactive status, seniority, pay and benefits, including accrued retirement credit and benefits.

    b.    Order Defendants to set Plaintiff's wages upon reinstatement at the rate equal to that of John Davis.

    c.    Order Defendants to pay compensatory damages to compensate Plaintiff for the humiliation, embarassment, and emotional distress caused by Defendants' unlawful retaliation.

    d.    Order Defendants to pay liquidated damages.

    e.    Order Defendants to pay prejudgment interest, if liquidated damages are not awarded.

    f.    Order Defendants to pay front pay, if reinstatement is infeasible.

    g.    Order such other relief as the Court deems appropriate.

**Count 3—Florida Personnel Management Law—Violation of § 110.105(2)(a), Fla. Stat.**

30. Plaintiff adopts by reference, as if set out fully and completely in this Count, Paragraphs 1 through 21 and Paragraph 23, above.

31. In appointing Plaintiff to a position in which she was paid substantially less than a similarly situated employee, demoting her and then discharging her, all based on her political affiliation, Defendants discriminated against Plaintiff in violation of Section 110.105(2)(a), Florida Statutes.

WHEREFORE, Plaintiff respectfully asks this Court to grant her the following relief:

    a.    Declare pursuant to Section 86.011, Florida Statutes, that by appointing Plaintiff to a position in which she was paid substantially less than a similarly situated

7

employee, demoting her and then discharging her, all based on her political affiliation, Defendants discriminated against Plaintiff in violation of Section 110.105(2)(a), Florida Statutes.

    b.    Order Defendants to reinstate Plaintiff, to include reinstatement as Director of Minority Affairs and Community Engagement and as Operations and Management Consultant Manager, with full retroactive status, seniority, pay and benefits, including accrued retirement credit and benefits.

    c.    Order Defendants to pay unpaid wages reflecting the difference between Plaintiff's rate of pay and that of John Davis.

    d.    Order Defendants to set Plaintiff's wages upon reinstatement at the rate equal to that of John Davis.

    e.    Order any other relief to make Plaintiff whole and that the Court deems just and proper.

    f.    Award Plaintiff the costs of this action and a reasonable attorney's fee pursuant to Section 448.08, Florida Statutes.

**Count 4—Florida Constitution—Violation of Article I, Section 2 (Equal Protection)**

32.    Plaintiff adopts by reference, as if set out fully and completely in this Count, Paragraphs 1 through 21 and Paragraph 23, above.

33.    In appointing Plaintiff to a position in which she was paid substantially less than a similarly situated employee, demoting her and then discharging her, all based on her political affiliation, Defendant violated Plaintiff's right to be treated as equal before the law, in violation of Article I, Section 2 of the Florida Constitution.

8

WHEREFORE, Plaintiff respectfully asks this Court to grant her the following relief:

a. Declare pursuant to Section 86.011, Florida Statutes, that by appointing Plaintiff to a position in which she was paid substantially less than a similarly situated employee, demoting her and then discharging her, all based on her political affiliation, Defendant violated Plaintiff's right to be treated as equal before the law, in violation of Article I, Section 2 of the Florida Constitution.

b. Order Defendants to reinstate Plaintiff, to include reinstatement as Director of Minority Affairs and Community Engagement and as Operations and Management Consultant Manager, with full retroactive status, seniority, pay and benefits, including accrued retirement credit and benefits.

c. Order any other relief to make Plaintiff whole and that the Court deems just and proper.

d. Order Defendants to pay unpaid wages reflecting the difference between Plaintiff's rate of pay and that of John Davis.

e. Order Defendants to set Plaintiff's wages upon reinstatement at the rate equal to that of John Davis.

f. Award Plaintiff the costs of this action and a reasonable attorney's fee pursuant to Section 448.08, Florida Statutes.

**Count 5—42 U.S.C. § 1983—Violation of U.S. Constitution, 1st and 14th Amendments**

34. Plaintiff adopts by reference, as if set out fully and completely in this Count, Paragraphs 1 through 17 and Paragraph 19 through 21, above.

35. Plaintiff brings this count against Defendant Wilkins in his official and individual capacities under 42 U.S.C. § 1983 to redress violations of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

36. Defendant Wilkins is a "person" within the meaning of 42 U.S.C. § 1983.

37. At all relevant times, Wilkins acted under color of the laws of the state of Florida.

38. By paying Plaintiff substantially less than a similarly situated employee, demoting her, and discharging her all because of her political affiliation, Defendant Wilkins violated the First and Fourteenth Amendments to the Constitution of the United States.

39. As a result of the violations of her constitutional rights, Plaintiff suffered loss of income, embarrassment, humiliation, and emotional distress.

40. Upon information and belief, Defendant Wilkins acted with reckless indifference to Plaintiff's constitutional rights.

WHEREFORE, Plaintiff respectfully asks this Court to grant her the following relief:

a. Order Defendant Wilkins in his official capacity to reinstate Plaintiff, to include reinstatement as Director of Minority Affairs and Community Engagement and as Operations and Management Consultant Manager.

b. Order Defendant Wilkins in his official capacity to set Plaintiff's wages upon reinstatement at the rate equal to that of John Davis.

c. Order Defendant Wilkins in his official capacity to provide any other prospective equitable relief that the Court deems just and proper.

d. Order Defendant Wilkins in his individual capacity to pay unpaid wages reflecting the difference between Plaintiff's rate of pay and that of John Davis.

e. Order Defendant Wilkins in his individual capacity to pay wages and benefits lost as a result of Plaintiff's discharge, and to pay such wages at the rate equal to that of John Davis.

f. Order Defendant Wilkins in his individual capacity to pay compensatory damages for embarrassment, humiliation, and emotional distress.

g. Order Defendant Wilkins in his individual capacity to pay punitive damages.

h. Award Plaintiff the costs of this action.

i. Award Plaintiff a reasonable attorney's fee pursuant to 42 U.S.C. § 1988.

### Demand for Jury Trial

Plaintiff demands a trial by jury in the action of all issues so triable.

Respectfully submitted,

**/s/ Peter F. Helwig**
Peter F. Helwig
Trial Counsel for Plaintiff
Florida Bar No. 0588113
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, FL 33813
Telephone: (863) 648-2958
Facsimile: (863) 619-8901
Email: pfhelwig@tampbay.rr.com

**/s/ Kathryn S. Piscitelli**
Kathryn S. Piscitelli
Of Counsel to Harris & Helwig, P.A.
Florida Bar No. 368598
P.O. Box 691166
Orlando, FL 32869-1166
Telephone: (407) 491-0143
Primary email: kpiscitelli1@cfl.rr.com
Secondary email: kpiscitelli@tampabay.rr.com

**ATTORNEYS FOR PLAINTIFF**

11

Dated at Lakeland, Florida this 21st day of May, 2013.

```
STATE OF FLORIDA         )
COUNTY OF HILLSBOROUGH)
   THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE DOCUMENT ON FILE IN
MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL
THIS____DAY OF_____20____
                    PAT FRANK
                    CLERK OF CIRCUIT COURT

           BY_____D.C.
```