**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LILLIAN LIMA,**

    **Plaintiff,**

v.                                        **CASE NO.:8:13-cv-1809-T-35TBM**

**FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,
and DAVID WILKINS, individually
and in his official capacity as
Secretary of the Florida Department
of Children and Families,**

    **Defendants.**
_____/

## **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXHIBIT**

Defendants, DEPARTMENT OF CHILDREN AND FAMILIES ("DCF") and DAVID WILKINS ("Wilkins") (collectively referred to as "Defendants"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P 16(f) and M.D. Fla. Loc. R. 3.01(a), and this Court's September 13, 2013, Case Management and Scheduling Order [Doc. 24], move for an order striking a certain exhibit expected to be offered by Plaintiff. In support of the relief requested, the Defendants state as follows:

1.    Plaintiff brings three claims for relief:

(a)    <u>Equal Pay Act</u>: She alleges Defendants discriminated against her on the basis of her gender by paying a male employee higher wages for work which was, in all respects, equal to the work performed by the Plaintiff.

(b) <u>Equal Pay Retaliation</u>: She alleges Defendants retaliated against her when she complained of the gender-based unequal pay disparity by stripping her of a director title and ultimately terminating her.

(c) <u>Equal Protection</u>: She alleges Defendants of violating her state and federal constitutional rights when she was treated differently because she was not a Republican.

2. On September 13, 2013, the Court entered a Case Management and Scheduling Order ("Scheduling Order"), which, in part, provided the parties a discovery deadline of April 30, 2014. [Doc. 24]. The Scheduling Order further required the parties to attach exhibit lists to the Joint Final Pretrial Statement, which was due on September 26, 2014. [Doc. 92]. Plaintiff received an extension to file her Exhibit List on or before September 29, 2014. [Doc. 98].

3. On October 29, 2014, Plaintiff's counsel produced for the first time an alleged "Draft" Chart of DCF's organizational structure ("Chart") (See Exhibit A) and notified the undersigned counsel for Defendants of his intention to add the chart to Plaintiff's Trial Exhibit List.

4. Aside from violating the Court's Order, Plaintiff's conduct has unfairly prejudiced the Defendants' preparation for trial. Defendants have not had an opportunity to authenticate the Chart, nor have they been able to attain how Plaintiff created or obtained such chart. Defendants would be extremely prejudiced at trial if the exhibit was allowed. Moreover, Plaintiff's attempts to use the Chart (never before produced by Plaintiff and never seen by Defendants' counsel) as a trial exhibit more than six months after the Court-imposed discovery deadline is a blatant violation of this Court's Orders.

**MEMORANDUM OF LAW**

The purposes of a court's pre-trial and discovery orders include narrowing issues and expediting litigation for trial. Matter of Maurice, 21 F. 3d 767, 772 (7th Cir. 1994). Orders and their enforcement are regarded as an essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved. Public Citizen v. Ligget Group, Inc., 858 F. 2d 775, 790 (1st Cir. 1988); Compagnie Nationale Air France v. Port of New York Authority, 427 F. 2d 951 (2nd Cir. 1970). Further, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

The Court is provided specific authority to address Plaintiff's failures to comply with its Orders pursuant to Fed. R. Civ. P. 16(f)(1)(C). Plaintiff's actions represent a significant departure from the parties' obligations under the discovery deadlines and Scheduling Order entered by the Court on September 13, 2013. Accordingly, Defendants request the Court prohibit Plaintiff from introducing the Chart as an evidentiary exhibit at trial.

**WHEREFORE**, the **DEPARTMENT OF CHILDREN AND FAMILIES** and **DAVID WILKINS** request the entry of an order prohibiting Plaintiff from introducing at trial its late-filed and prejudicial exhibit.

**CERTIFICATE OF COUNSEL CONFERENCE**

Pursuant to M.D. Fla. Loc. R. 3.01(g), the undersigned certifies that Plaintiff's counsel was contacted regarding the relief and indicated he intended to use the exhibit at trial.

Dated this 2nd day of November, 2014.

Respectfully submitted,

/s/ *Hetal Desai*
**HETAL H. DESAI**
Florida Bar Number: 050938
hdesai@sniffenlaw.com
**ROBERT J. SNIFFEN** (Trial Counsel)
Florida Bar No. 0000795
rsniffen@sniffenlaw.com
**SNIFFEN & SPELLMAN P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of November, 2014, I electronically filed the foregoing in the United States District Court, Middle District of Florida, Tampa Division, by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF registrants.

s/ *Hetal H. Desai*
**HETAL H. DESAI**