UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LILLIAN LIMA,

    Plaintiff

vs.

Case No. 8:13-cv-1809-MSS-TBM

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES, DAVID WILKINS,
individually, and MICHAEL CARROLL,
in his official capacity as Secretary of the
Florida Department of Children
and Families,

    Defendants
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXHIBIT**

Defendants have moved to strike as an exhibit a document entitled "Draft Organizational Chart, updated 7-25-11," which document is attached to Defendants' Motion as Exhibit A. It shows several DCF officials with the title of "director" reporting to another "director," Jamie Self, who is shown as Family and Community Services Director.

This organizational chart is highly relevant in that, in response to Plaintiff's allegation that she was demoted from a "director" position to a "manager" position in retaliation for her protected activity, Defendants claim that they could not allow her to use the title of "director" because a director cannot report to another director.[1] At the time, she reported to John Davis,

---

[1] Chief of Staff Vivian Myrtetus, who made the decision to remove the title of "director" from Plaintiff's job description and signed Plaintiff's termination letter, testified under oath that the reason that Ms. Lima's position had to be "manager" rather than "director" was that "you couldn't have a director under a director." (Doc. 59-1 at 43:5 to 44:1).

Director of the Office of External Affairs. The exhibit suggests that Defendants' proffered non-discriminatory reason for denying Plaintiff the "director" position was false, and thus a pretext for retaliation.

Defendants correctly state that the draft organizational chart was not disclosed in discovery. This occurred because Plaintiff did not discover the document until she found it in a stack of duplicate documents on October 28, 2014.

Immediately upon receipt of the chart from Plaintiff on October 29, undersigned counsel provided this explanation, along with a copy of the chart, in an e-mail to defense counsel with this message:

> Ms. Lima brought me the attached org chart which she discovered this week in some old papers. She copied it off the DCF's web site during the time of the controversy over her job title. I checked the DCF web site and it still provides a link to an org chart,[2] but of course it has been updated since 2011.

The message concluded by informing defense counsel that Plaintiff intended to seek to add the chart to her exhibit list, and asking whether defense counsel had any objection to same. Defense counsel responded that she did.

Four days later, on Sunday, November 2, defense counsel e-mailed the undersigned at 3:46 p.m., asking whether Plaintiff still intended to use the new exhibit. Counsel did not see the e-mail until Monday morning. In the meantime, and without the required in-person or telephone conversation required by the Case Management and Scheduling Order (Doc. 24 at 4), Defendants filed the instant motion at 5:11 p.m. on Sunday afternoon. In their motion, Defendants argue that

---

[2] The link is http://www.dcf.state.fl.us/admin/docs/orgchart.pdf   This footnote was not included in Plaintiff's e-mail to Defendants and is provided for the convenience of the Court.

2

the document should be stricken because it was submitted outside the time allotted by the Case Management and Scheduling Order and is unduly prejudical to Defendants. (Doc. 114 at 2).

Pretrial proceedings and orders are governed by Rule 16 of the Federal Rules of Civil Procedure. Rule 16(b) requires the court to issue a scheduling order. The scheduling order may be modified "for good cause." Rule 16(b)(4), F.R.Civ.P. Likewise, the Case Management and Scheduling Order in our case also imposes a "good cause" standard for deviation from the schedule. (Doc. 24 at 5). By contrast, a final pretrial order may modified "only to prevent manifest injustice." Rule 16(e). This issue in the case at bar involves Plaintiff's production and intended use of a newly discovered document after the deadline for discovery which was established in the scheduling order. There is no final pretrial order. As such, the more lenient standard of "good cause" for exception to the scheduling order applies here.

The determination of whether to receive a document filed out of time is within the sound discretion of the court. <u>Mann v. Taser International</u>, 588 F.3d 1291, 1310 (11th Cir. 2009) (affirming denial of request to file expert report out of time because moving party did not justify the late filing). The standard is "good cause." <u>Reliance Insurance Co. v. Louisiana Land & Exploration Co.</u>, 110 F.3d 253, 257 (5th Cir. 1997). Factors to be considered are (1) the explanation for the delay in producing the evidence, (2) the importance of the evidence, (3) the potential prejudice in allowing the evidence, and (4) the availability of a continuance to cure such prejudice. 110 F.3d at 257. These factors are addressed below.

(1) Plaintiff produced hundreds of pages of documents in response to discovery, and Defendants produced thousands. Many were duplicates. On October 28, 2014, Plaintiff was moving a box of documents, which contained duplicates of documents previously produced by

the parties, from her home office to her garage. In the course of perusing the documents, she found the Draft Organizational Chart. She did not remember producing this document or receiving it from Defendants, so she brought it to counsel's office the next day, October 29. On that day counsel promptly transmitted it to defense counsel.

(2) The evidence is important for the reasons stated above at pages 1-2.

(3) By its very nature, evidence that is favorable to one side will be prejudicial to the other; however, the admission of this document is not unfairly prejudicial, as it is a document which comes from Defendant DCF's own records and may even have been known to the DCF prior to Plaintiff's disclosure. In order to determine whether it believes the document is authentic, Defendants need not rely on information from Plaintiff or third parties, but can simply check their own records.

Moreover, Defendants on November 4, 2014 amended their Exhibit List by adding three organizational charts which they had not previously listed as exhibits. (Doc. 119-1, Exhibits D-22, D-27 and D-28). This is yet another reason why Defendants' objection to Plaintiff's claim that adding the single Proposed Organization Chart to her witness list has a hollow ring.

(4) Regardless of whether a continuance is available, a continuance would appear to be unnecessary to complete the simple process of determining whether the document exists in substantially the same form in Defendant DCF's records and is authentic. To the extent that Defendants wish to offer an explanation for the apparent contradiction regarding directors reporting to directors, the director to whom the other directors reported is Dr. Jamie Self, who is already on Defendants' witness list. (Doc. 96 at 12). A representative of Defendant DCF's Human Resources staff is also on Defendant's' witness list (Doc. 96 at 13). Any additional trial

preparation occasioned by the discovery of the Draft Organizational Chart would likely be limited to reviewing documents and testimony which are readily available to defense counsel.

Given the potential that the Draft Organizational Chart is highly probative, Plaintiff proposes that the Court require Defendants to conduct a transparent investigation of the authenticity of the document, by producing for inspection within three (3) days all organizational charts and draft organizational charts utilized or produced by Defendant DCF during 2011, so that the parties and the Court can have the benefit of full information in resolving this matter.

For the foregoing reasons, there is good cause to permit Plaintiff to proffer the newly-discovered Draft Organizational Chart, despite its production outside the discovery cutoff.

WHEREFORE, Plaintiff prays that Defendants' Motion be DENIED.

Respectfully submitted,

/s/ Peter F. Helwig
Peter F. Helwig
Trial Counsel for Plaintiff
Florida Bar No. 0588113
Email: pfhelwig@tampbay.rr.com
Suzanne L. Harris
Florida Bar No. 0547050
Email: suharris@tampabay.rr.com
Harris & Helwig, P.A.
6700 South Florida Avenue, Suite 31
Lakeland, FL 33813
Telephone: (863) 648-2958
Facsimile: (863) 619-8901

**ATTORNEYS FOR PLAINTIFF**

Certificate of Service

I hereby certify that on this 4th day of November, 2014 the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic

filing to Robert J. Sniffen, Hetal Desai and Lisa Barclay, Sniffen & Spellman, P.A., 123 North Monroe Street, Tallahassee, Florida 32301.

                                                                                          _____/s/ Peter F. Helwig_____