UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LILLIAN LIMA,**

    **Plaintiff,**

v.                                  Case No: 8:13-cv-1809-T-35TBM

**FLORIDA DEPARTMENT OF**
**CHILDREN AND FAMILIES and**
**DAVID WILKINS, individually and**
**MIKE CARROLL in his official capacity**
**as Secretary of the Florida Department**
**of Children and Families,**

    **Defendants.**
_____/

## ORDER

**THIS MATTER** comes before the Court for consideration of Defendants' Additional Briefing in support of their Motion for Summary Judgment (Count IV) (Dkt. 128), and Plaintiff's Memorandum in opposition thereto. (Dkt. 130) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **GRANTS** Defendant's renewed request for Summary Judgment as to Count IV. (Dkt. 128)

In their Motion for Summary Judgment, Defendants argued that Plaintiff could not maintain a cause of action under the Equal Protection clause of the Florida Constitution, Article 1, § 2. Defendants argued that no private cause of action exists under the clause. In response to Defendants' Motion, Plaintiff argued that Florida courts have entertained such a cause of action. In regards to Count IV, the Court denied Defendants' Motion for Summary Judgment without prejudice, subject to further briefing on the issue by the

1

Parties. (Dkt. 123) The Parties have now filed supplemental memoranda addressing the issue (Dkt. 128, 130), and Defendants renew their request for entry of summary judgment in their favor under Count IV. (Dkt. 128)

Defendants argue that Plaintiff's claim that Defendants treated her unequally based on her political affiliation is not cognizable under the Equal Protection clause of the Florida Constitution. Defendants assert that Florida Equal Protection clause jurisprudence deals only with challenges to unequal treatment directly under either a statute or ordinance. Plaintiff argues that "cases challenging no statute, but simply challenging an individual government official's action or inaction, are abundant." (Dkt. 130 at P. 2) However, Plaintiff cites only a single case, Nowell v. State, 998 So.2d 597 (Fla. 2008), to support her proposition. This case recognizes the now well-settled proposition that a criminal Defendant has the right to contest Florida's peremptory challenge provision as violative of the Equal Protection right of jurors to serve on jury duty free from discrimination on the basis of a suspect classification. Id. at 601-02. In context, it discusses the prosecution's obligation to state a credible race or gender neutral basis for the exercise of statutorily recognized peremptory challenges. It also recognizes the concomitant right of an accused under Article I, § 16 of the Florida Constitution to a jury of one's peers, which right cannot be abridged by statutory provisions providing for peremptory challenges.

Contrary to Plaintiff's assertion, Nowell does not stand for the proposition that one single prosecutor's individual action can be the subject of an Equal Protection claim apart from, and without regard to, an existing statutory right. Plaintiff has proffered no case in which a Florida court has sustained an Equal Protection claim for a person whose rights

2

are not being abridged by a statutory provision or ordinance or regulation. This lack of case law seems logical as the Florida Equal Protection clause recognizes the rights of citizens to be treated equal under the law. Thus it states: "All natural persons, female and male alike, are equal before the law." Article I, § 2, FLA. CONST. To be sure, the provision further provides that: "No person shall be deprived of any right because of race, religion, national origin, or physical disability." Id. Importantly, however, the "right" that is being preserved is the "right under law." Thus, for example, a challenge of a statutory provision that affects the right of recovery for damages in a wrongful death action is cognizable as an Equal Protection claim. Estate of McCall, 134 So. 3d 894 (Fla. 2014). Similarly, a challenge of a statute that prohibits homosexual individuals from being eligible to adopt a child is cognizable as an Equal Protection claim. Dep't of Children & Families v. Adoption of X.X.G., 45 So. 3d 79 (Fla. 3d DCA 2010). Florida's Equal Protection clause has never been recognized as a general "fairness provision," standing as a portal through which to bring a constitutional claim challenging anything that is unfair in the public workplace.

Furthermore, a "class of one" claim also does not operate as a conduit for bringing an equal protection claim based on workplace unfairness. While it is not entirely clear that Florida courts would recognize such a claim, even under federal law in this circuit, where a class of one claim is recognized, it is not a substitute for Title VII claims. See Hall v. Jarvis, No. 3:10-CV-442-J-99MMH, 2011 WL 971125, at *12 (M.D. Fla. Mar. 2, 2011) (citing Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 594 (2008), for the proposition that "class of one" claims are not cognizable in the context of public employment). As such, Plaintiff's Equal Protection claim fails.

Accordingly, it is hereby **ORDERED** that Defendants' renewed request for Summary Judgment (Dkt. 128) is **GRANTED**, as to Count IV, and this case will proceed to trial on the Equal Pay Act retaliation claim (Count II) and 42 U.S.C. § 1983 claim (Count V).

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of November, 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person